IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Eileen L. Zell, | : | |
| Plaintiff | : | Civil Action 2:13-cv-0458 |
| v. | : | Judge Marbley |
| Katherine M. Klingelhafer, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

## ORDER

This matter is before the Magistrate Judge on defendants' December 27, 2013 motion for reconsideration of the December 26, 2013 Order granting plaintiff an extension of time to serve summons and complaint (doc. 26).

Background. On December 4, 2013, plaintiff filed a motion seeking additional time in which to serve defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. On May 10, 2013, plaintiff filed this action against Frost Brown Todd LLC ("FBT"), five current FBT attorneys, and one former FBT attorney. Under Rule 4(m), plaintiff had until September 9, 2013 in which to serve defendants.

According to documents filed by Kirk Wilhite, the owner of the Columbus, Ohio process-serving company Accuserve and Associates, service was perfected on six of the seven defendants prior to September 9, 2013. Service was not perfected with respect to

defendant Jeffrey Rupert, a former attorney of FBT, who now resides in the state of Washington.

Jonathan R. Zell, plaintiff's son and a licensed attorney who initially represented his mother in this action, was responsible for ensuring that defendants were properly served with copies of the complaint and summons. After filing the complaint, Zell attempted to find trial counsel before the 120-day service period ended. A month prior to the deadline, Zell was hospitalized and incapacitated for three weeks, so he hired professional process servers in three states in order to perfect service.

Zell hired Kirk Wilhite to serve the five Ohio defendants and to subcontract with process servers in Kentucky and Washington to serve the out-of-state defendants. Zell believed that six of the seven defendants were served prior to the deadline.

According to Zell, difficulties were encountered in serving Rupert. Rupert's employer and work address in Washington were not known. Wilhite subcontracted with a Washington state process server, Timothy Shafer, in order to serve Rupert. Wilhite did not know Shafer prior to engaging him to serve Rupert. According to Wilhite's affidavit, he paid Shafer to make at least three attempts to serve Rupert, but after making two unsuccessful attempts, Shafer stopped communicating with Wilhite. Doc. 18-3 at PageID# 204.

On September 11, 2013, Zell reached Rupert on his mobile phone. Rupert asked Zell to mail a copy of plaintiff's complaint and told him that he would not evade service. The certified mail return receipt that was sent to Rupert's office was stamped

received, and Rupert personally received and signed the certified mail return receipt that was sent to his home.

Arguments of the Parties. According to plaintiff, under Rule 4(m), a court has the discretion to grant a plaintiff an extension of time in which to effect service. If the plaintiff has good cause for the failure, however, the court must extend the time for service. Plaintiff argues that the court should find good cause to grant an extension of time. Plaintiff maintains that all seven defendants received actual notice of the lawsuit prior to the deadline for service. By letter dated September 15, 2013, Rupert also acknowledged receiving a copy of the complaint. All seven defendants also filed timely answers to the complaint, which supports a finding that defendants received actual notice of the lawsuit.

Plaintiff contends that defendants would not suffer any prejudice if plaintiff is permitted additional time in which to serve them. Plaintiff maintains that any prejudice to defendants is de minimis when compared to the prejudice to plaintiff if the Court dismisses plaintiff's complaint. Defendants have also raised a statute of limitations defense, but plaintiff maintains that the suit was timely filed and that any dismissal could be remedied by refiling and service under the savings statute.

Plaintiff further argues that any failure to timely serve defendants resulted from excusable neglect. She maintains that there is no danger of prejudice to defendants. The length of delay is quite short and will have no significant impact on the proceedings. The reason for the delay is based on the apparent fraudulent conduct of the process

servers employed by plaintiff. Although plaintiff had no personal awareness that would cast doubt on the veracity of the documents submitted by Wilhite indicating that he served the Ohio defendants, any problems with those documents would be the result of Wilhite's fraud, not plaintiff's neglect. Plaintiff has acted in good faith. Although Zell delayed in hiring process servers, he was preoccupied with locating a trial attorney. When the deadline for service was approaching, Zell became ill and required hospitalization. Despite his illness, he made attempts to hire process servers to meet the deadline. Any failure to meet that deadline was based on the misconduct of the process servers. When Zell learned that the process server had failed to serve Rupert, he took immediate action to try to serve Rupert.

In opposition to plaintiff's motion, defendants argue that plaintiff has been aware that FBT contested service since the inception of this lawsuit and had challenged the proofs of service filed by Wilhite. Wilhite has refused to respond to a subpoena and defendants' motion to show cause. Defendants maintain that there is no good cause which would justify an extension of time beyond that set forth in Rule 4(m). Defendants argue that something more than inadvertence or half-hearted efforts to serve are necessary to show good cause. Courts examined whether a plaintiff made a reasonable and diligent effort to effect service. Defendants contend that plaintiff's attempts at service were half-hearted at best. She waited until August 29, 2013 to hire a process server, when she only had a few remaining days left in which to effect service. Plaintiff

waited almost two and a half months after FBT filed its answer to request additional time even though plaintiff was aware that service was contested.

Defendants contend that plaintiff will not be harmed by a dismissal because her claims will likely be time barred. FBT maintains that plaintiff's claims were already time-barred when this action was filed, and a dismissal without prejudice will not change that result. Plaintiff would still be able to rely on Ohio's savings statute in the even that her claims were timely filed.

Discussion. The service of process upon a defendant is a fundamental requirement in litigation. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Without service, a district court is without jurisdiction to render a personal judgment against a defendant. *Hutchinson v. U.S.*, 677 F.2d 1322, 1328 (6th Cir. 1982). "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)". Fed. R. Civ. Pro. 4(c)(1). Service of process in the Southern District of Ohio can be effected by personally delivering a copy of the complaint and summons to the defendant or its agent, or by other means permitted under the law of Ohio. *See* Rule 4(e)(1) & (2).

Under Rule 4(m), a defendant should be dismissed if he is not served within 120 days of the filing of the complaint. If the plaintiff shows good cause for the failure to serve within 120 days, however, the court must extend the time for service. To demonstrate good cause, a plaintiff must show that she made a reasonable and diligent effort to effect service. *Habib v. General Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994).

5

"Courts interpreting the rule have found 'good cause' to encompass more than a single unsuccessful attempt at service and that more is required than 'simple inadvertence or mistake of counsel or ignorance of the rules.'" *Boykin v. Commerce Union Bank of Union City, Tenn.,* 109 F.R.D. 344, 348 (W.D. Tenn., 1986)(citing *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir. 1985)). It is within the court's discretion to determine whether good cause exists to extend the deadline for serving defendants. In exercising this discretion, courts consider:

> (1) whether a significant extension of time [is] required; (2) whether an extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff ... and (5) whether the plaintiff had made any good faith efforts at effecting proper service of process.

*Becker v. Warden Ross Correctional Institution,* No. 2:05-cv-908, 2006 WL 2869567, at *4 (S.D.Ohio,2006)(citing *Stafford v. Franklin County,* No. 2:04-cv-178, 2005 WL 1523369 at *9-10 (S.D. Ohio 2005).

Here, there is good cause to extend the time for serving defendants. The docket indicates that plaintiff re-served all the defendants, so no further extension is necessary at this stage of the proceedings. Other than having to defend this action, defendants face no other prejudice. To the contrary, dismissing this case without prejudice would likely increase the litigation costs of both parties given that plaintiff would likely re-file this case under the Ohio savings statute. It appears that the defendants all had actual notice of this lawsuit and timely filed their answer.

6

Plaintiff did more than make a half-hearted attempt at service; she hired a professional process server who was instructed to make service prior to the Rule 4(m) deadline. Proofs of service were in fact filed by the process server. As a result, plaintiff had no reason to believe that service had been perfected with respect to six of the seven defendants. Although defendants dispute the authenticity of the proofs of service, nothing in record suggests that plaintiff was aware of or played any part in any possible wrongdoing by Wilhite. Rather, plaintiff would herself be the victim of Wilhite's alleged fraud.  Plaintiff acknowledges that Rupert was not timely served, but this failure was also due in part to the apparent deficiencies on that part of the process server in Washington state. Plaintiff reacted promptly when she learned that Rupert had not been served in accordance with Rule 4(m).

For the reasons stated above, defendants' December 27, 2013 motion for reconsideration of the December 26, 2013 Order granting plaintiff an extension of time to serve summons and complaint (doc. 26) is DENIED. Plaintiff's December 4, 2013 motion for an extension of time in which to serve process on defendants (doc. 18) is GRANTED.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District

7

Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel
United States Magistrate Judge