IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Eileen L. Zell, | : | |
| Plaintiff | : | Civil Action 2:13-cv-0458 |
| v. | : | Judge Marbley |
| Katherine M. Klingelhafer, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

# ORDER

This matter is before the Magistrate Judge on plaintiff Eileen L. Zell's July 11, 2014 motion to compel (doc. 77) and defendants' August 21, 2014 motion for a protective order (doc. 83).

**Allegations in the Complaint**. The complaint alleges claims for legal malpractice, breach of fiduciary duty, and breach of contract. It makes the following allegations. In December 2000, plaintiff Eileen L. Zell loaned $90,000 to her nephew Michael Mindlin to help fund his architectural firm. Mrs. Zell was then an Ohio resident, and Mindlin lived in Missouri. When the loan was not repaid, Zell hired defendant Frost Brown Todd LLC in early 2009 to advise her on how to collect the debt before the statute of limitations expired. On October 12, 2010, the debtors sued Zell in the Court of Common Pleas for Franklin County, Ohio. Frost Brown Todd LLC defended Mrs. Zell. They filed a counterclaim for the $90,000 balance due. That claim

1

was dismissed because it was barred by the 6-year Ohio statute of limitations, not the 8-year Missouri statute of limitations. After the Court of Appeals affirmed the trial court's decision, Frost Brown Todd LLC withdrew from representing Zell. Frost Brown Todd LLC billed Zell $73,857.80 for their legal services representing her in defense of the lawsuit. She paid $56,678.39, leaving an unpaid balance of $17,179.41.

The complaint further alleges that Mrs. Zell communicated with Frost Brown Todd LLC through her son, third-party defendant Jonathan R. Zell, an attorney licensed to practice in Ohio, but without any litigation experience. He acted as her personal attorney. Defendant Frost Brown Todd LLC has filed a counterclaim seeking payment of the $17,179.41 unpaid balance of the their legal fees bill to Mrs. Zell. Third-party defendant Jonathan R. Zell asserts that he acted as his mother's personal attorney and did not act as co-counsel representing her in the *Mindlin* lawsuit.

**Motion to Compel**. On February 6, 2014, plaintiff served defendants with her Second Set of Interrogatories. Plaintiff maintains that defendants never responded to these interrogatories, and defendants failed to address their failure to respond in their memorandum in opposition to plaintiff's motion to compel. Defendants are ORDERED to respond to plaintiff's Second Set of Interrogatories within fourteen (14) days of the date of this Order.

Plaintiff argues that in responding to plaintiff's First Set of Requests for Production of Documents with One Interrogatory, defendants omitted many documents covered by Request No. 4. That request sought

> All communication, correspondence, notes and documents by Defendants whether retained by Defendants or shared with any other attorneys including other Defendants, i.e., in house memos between Defendants, regarding the promissory note, Mindlin V. Zell, Jonathan Zell, Eileen Zell and personal notes by Defendants.

Doc.77-8 at PageID# 882. Defendants responded as follows:

> Objection. This request is overbroad and unduly burdensome. Further it seeks documents which may be subject to work product of individual attorneys which are not subject to disclosure. Without waiving, Defendants have produced all documents in their possession that are otherwise responsive to this request. To the extent that additional documents are found to exist, Defendants will produce same.

*Id*. Based on emails between Jonathan R. Zell and attorneys with Frost Brown Todd ("FBT"), plaintiff maintains that other documents exist that were not produced. Specifically, plaintiff seeks defendants' internal correspondence containing the legal research on which defendants based their advice to plaintiff un the underlying case; defendants' internal correspondence concerning Mr. Zell's role in the underlying case; the internal correspondence between defendants, and particularly that of defendant Dehner; and defendants' internal correspondence concerning Mr. Zell's request to Mr. Dehner that FBT compensate plaintiff for her losses suffered as a result of the alleged malpractice and Mr. Dehner's request that plaintiff delay pursuing her claim until the appellate court issued a ruling.

The Court cannot compel defendants to produce what does not exist.[1] Defendants, however, are obligated to respond honestly and completely to discovery requests, and failure to do so will result in sanctions. *Bratka v. Anheuser-Busch*, 164 F.R.D. 448, 463 (S.D. Oh. 1995). If plaintiff believes that such written communications once existed, she may serve discovery requests within fourteen days of the date of this Order to further explore this issue. In the alternative, plaintiff may depose Mr. Dehner or the other defendants with respect to this issue.

**Motion for a Protective Order**. Defendants seek a protective order with respect to discovery requests that were served three days prior to the close of discovery.

Plaintiff reports that she was under the mistaken belief that discovery requests had to be served prior to the deadline for completing discovery rather than served within the discovery period and allowing sufficient time for the opposing party to respond prior to the deadline. Plaintiff maintains that she would have proceeded differently had she understood what the deadline meant by serving her discovery requests earlier and seeking an extension of time of the deadline.

Plaintiff and third party defendant are proceeding *pro se*. Unrepresented parties are still bound by the Federal Rules of Civil Procedure. Additionally, third-party defendant, Mr. Zell, is a licensed attorney, although he does not practice law. Plaintiff

---

[1]Although defendants' response to Document Request No. 4 asserts work product protection and states they have produced all documents in their possession "that are *otherwise* responsive to this request" (emphasis added), their brief asserts that no documents subject to work product protection or attorney client privilege were withheld. Doc. 79 at PageID 916.

and third-party defendant argue that the delay in serving the discovery requests was, in part, the result of defendants failure to respond to earlier discovery requests propounded by plaintiff. In fact, in its briefing to the Court on plaintiff's motion to compel, defendants have failed to acknowledge their apparent failure to provide any response to plaintiff's February 6, 2014 Second Set of Interrogatories. Therefore, defendants are ORDERED to respond to plaintiff's July 22, 2014 discovery requests within thirty (30) days of the date of this Order.

**Conclusion**. For the reasons stated above, plaintiff Eileen L. Zell's July 11, 2014 motion to compel (doc. 77) is GRANTED and defendants' August 21, 2014 motion for a protective order (doc. 83) is DENIED.

Defendants are ORDERED to respond to plaintiff's Second Set of Interrogatories within fourteen (14) days of the date of this Order and to plaintiff's July 22, 2014 discovery requests within thirty (30) days of the date of this Order.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel<br>United States Magistrate Judge