**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **EILEEN L. ZELL,** | : | |
| | : | **Case No. 2:13-CV-00458** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge Kemp** |
| **KATHERINE M. KLINGELHAFER, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment (Doc. 84), Plaintiff's Motion to Amend Motion for Partial Summary Judgment ("Motion to Amend") (Doc. 85) and Plaintiff's Amended Motion for Partial Summary Judgment on Defendant Frost Brown Todd's Counterclaim (Doc. 86).  The Court **GRANTS** Plaintiff's Motion to Amend (Doc. 85), and thus Plaintiff's original Motion for Partial Summary Judgment (Doc. 84) is **MOOT**.  This Opinion and Order reviews the substance of Plaintiff's Amended Motion for Partial Summary Judgment on Defendant Frost Brown Todd's Counterclaim ("Plaintiff's Motion") (Doc. 86).

Plaintiff Eileen Zell ("Plaintiff") seeks summary judgment on Defendant Frost Brown Todd, LLC's Counterclaim, (Doc. 13).  For the reasons set forth herein, Plaintiff's Motion (Doc. 86) is **GRANTED**.

## I.  BACKGROUND

Plaintiff's action arises out of a $90,000 promissory note between Plaintiff Zell and her nephew, Michael Mindlin, made in December 2000 (the "underlying action").  Plaintiff engaged Defendant law firm Frost Brown Todd, LLC ("FBT") to advise her on how to go about

collecting on the note.  Before Plaintiff could bring suit, however, Mindlin filed his own affirmative action for declaratory relief in Franklin County, Ohio.  Based on advice from FBT attorneys, Plaintiff consented to the jurisdiction of the Ohio courts and participated in Mindlin's case.  Plaintiff claims she participated in the action, and turned down Mindlin's settlement offers, because Defendants advised her that her note would be subject to Missouri's ten-year statute of limitations, rather than Ohio's six-year period, even if her case were adjudicated in Ohio.

From the pre-lawsuit planning stage, through the result of her nephew's case and subsequent appeals, Plaintiff was represented personally by a succession of FBT attorneys.  At first, Plaintiff was represented by Defendant Patricia Laub, a partner at FBT, assisted by Defendants Shannah Morris and Douglas Bozelle, and overseen by Defendant Joseph Dehner. Attorney Laub's personal representation of Plaintiff ended on October 22, 2010, when Attorney Morris assumed primary responsibility.  On May 6, 2011, Plaintiff requested that FBT replace Attorney Morris, and Defendant Jeffrey Rupert took over, on May 10.  (*Id.* at ¶¶ 39-40). Attorney Rupert personally represented Plaintiff from May 10, 2011 through March 28, 2012, at which time he moved to Seattle.  (*Id.* at ¶¶ 57).  During this time, Defendant Katherine Klingelhafer also worked on Plaintiff's case, drafting at least two research memoranda on July 13 and August 8, 2011, addressing the choice of law issue related to Plaintiff's note.  (*Id.* at ¶¶ 123, 125-26, 135-38, 140, 146).  After Attorney Rupert's departure, Attorney Dehner took over personal representation of Plaintiff, including representing Plaintiff on appeal, and provided his opinion on her seeking review by the Ohio Supreme Court.  (*Id.* at ¶¶ 59, 151).  Attorney Dehner's last interaction with Plaintiff as her attorney was August 13, 2012, after which he informed her that FBT was withdrawing from her case.  (*Id.* at ¶¶ 59-61).

Plaintiff ultimately lost her case against her nephew.  Judge Sheward, of the Franklin County Court of Common Pleas, found that, because she attempted to recover on her note more than six years after its execution, Plaintiff's claim was not timely under Ohio law, and the court thus entered judgment against her.  *Mindlin v. Zell*, No. 10CVH-14965 (Franklin Cnty. C.P. Oct. 12, 2011).  On appeal, the Court of Appeals for the Tenth Appellate district agreed, and further rejected Plaintiff's alternative arguments on the basis that they were not raised at the trial level, and thus could not be considered on appeal.  *Mindlin v. Zell*, No. 11AP-983 (Ohio App. Aug. 7, 2012).  The Tenth District twice denied Plaintiff's requests that it reconsider its decision. *Mindlin v. Zell*, No. 11AP-983 (Ohio App. Oct. 25, 2012); *Mindlin v. Zell*, No. 11AP-983 (Ohio App. Dec. 31, 2012).  Plaintiff opted not to seek review by the Ohio Supreme Court.

Plaintiff commenced this action for malpractice against Defendants on May 10, 2013. (*Compl.*, Doc. 2).  On October 14, 2013, Defendant Frost Brown Todd, LLC ("FBT") filed a counterclaim against Plaintiff Eileen Zell "demand[ing] judgment against Zell in favor of FBT in the amount of $17,165,42 [*sic*], plus attorneys' fees and the costs of this action, and all other relief to which FBT may be entitled" for Plaintiff's alleged refusal to pay fees for Defendant FBT's legal services.  (Doc. 13).  Plaintiff filed her Answer to FBT's counterclaim on October 23, 2013 denying that she owes FBT fees for legal services.  (Doc. 15).  Subsequently, on September 2, 2014, Plaintiff filed a Motion for Partial Summary Judgment, (Doc. 86), asking this Court to dismiss with prejudice FBT's counterclaim.  This matter has been fully briefed and is ripe for review.[1]

## II.  STANDARD OF REVIEW

---

[1] The Court notes that Plaintiff filed an Amended Complaint on December 3, 2014.  Defendant FBT filed an Amended Answer on December 29, 2014, but did not file a renewed counterclaim.

Federal Rule of Civil Procedure 56 provides, in relevant part, that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." A fact is deemed material only if it "might affect the outcome of the lawsuit under the governing substantive law." *Wiley v. United States,* 20 F.3d 222, 224 (6th Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

The necessary inquiry for this Court is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden,* 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson,* 477 U.S. at 251-52). In evaluating such a motion, the evidence must be viewed in the light most favorable to the nonmoving party. *United States S.E.C. v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013). The court reviewing a summary judgment motion need not search the record in an effort to establish the lack of genuinely disputed material facts, however. *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404 (6th Cir.1992). Rather, the burden is on the nonmoving party to present affirmative evidence to defeat a properly supported motion, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989), and to designate specific facts that are in dispute. *Anderson*, 477 U.S. at 250; *Guarino*, 980 F.2d at 404–05.

Under the plain language of Rule 56(c), summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### III.    ANALYSIS

Plaintiff seeks summary judgment on Defendant FBT's counterclaim.  (Doc. 86 at 1).  Plaintiff insists that she no longer has an obligation to pay any outstanding legal fees under either the law of waiver, gifts, or equitable estoppel.  (*Id*. at 10).  In response, Defendant counters that FBT did not waive Plaintiff's obligation to pay her legal fees; that FBT did "gift" a debt forgiveness to Plaintiff; and that FBT should not be equitably estopped from collecting any past due fees.  (Doc. 92, 3-8).

This Court, however, need not address the law of waiver, gifts, or estoppel.  Plaintiff's arguments put the proverbial cart before the horse.  This matter can, and should, be resolved in a much more straightforward manner.   Plaintiff is entitled to summary judgment because Defendant's Counterclaim fails to state a claim, and thus Plaintiff is entitled to judgment as a matter of law.

### A.  Judgment as a Matter of Law

#### 1.  *Defendant FBT's Counterclaim*

Defendant's counterclaim, in its entirety, states the following:

1. FBT is a limited liability corporation doing business as a law firm and, through its attorneys, provides legal services.

2. Eileen Zell retained certain attorneys of FBT, who are named as Defendants in this action, to provide her with legal representation in connection with her prosecution of a promissory note.

3. Eileen Zell agreed at the time of retention and prior to the rendition of legal services to pay FBT's bills as they became due.

4. Eileen Zell has admitted in her complaint that she was billed for legal services and that she has left a remaining balance.

5. Eileen Zell currently owes FBT $16,732 in attorneys' fees, plus $433.42 in costs, totally $17,165.42, as reflected in the invoices attached hereto as Exhibit A.

5

6.     FBT has demanded payment from Zell, but Zell has refused to pay.

**WHEREFORE**, FBT demands judgment against Zell in favor of FBT in the amount of $17,165,42[*sic*], plus attorneys' fees and costs of this action, and all other relief to which FBT may be entitled.

Summary judgment is appropriate here, because Defendant FBT does not identify any legal cause of action upon which it seeks relief.  Thus, regardless of how the Court might attempt to characterize the Defendant's cursory counterclaim, it fails as a matter of law.

The Supreme Court has determined that "the plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Vita-Mix Corp. v. Basic Holdings, Inc*., No. 1:06 CV 2622, 2007 WL 2816209, at *2 (N.D. Ohio Sept. 27, 2007) ("Summary judgment is appropriate when a party who bears the burden of proof at trial fails to make a showing sufficient to establish an essential element of his case."); *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989) ("The presence of a genuine issue of fact is predicated on the existence of a legal theory which can be considered viable under the nonmoving party's version of the facts.") (*citing Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)).

Here, where Defendant's Counterclaim does not state any legal claim whatsoever, it certainly also fails to state the existence of the elements essential to a claim.  Indeed, this Court cannot evaluate whether FBT has demonstrated the essential elements of its Counterclaim because FBT has not stated any cause of action.  FBT's Counterclaim merely states that Plaintiff agreed to pay her fees as they became due and admitted in her complaint that she did not pay them.  Defendant then *demands* that this Court enter judgment against Plaintiff in the amount of

6

the allegedly outstanding fees.  While Defendant FBT may allege an injury by claiming Plaintiff

has not paid her legal fees, Defendant does not state a cause of action under which it is entitled to

relief for that alleged injury.  Neither does FBT's Memorandum in Opposition to Plaintiff's

Motion expand upon its Counterclaim or otherwise identify a legal claim upon which it seeks

redress.  Accordingly, Defendant's demand on this Court is indecorous and unavailing.

Because Defendant's Counterclaim does not state a cause of action, the Court is left to

guess what the claim is that Defendant attempts to assert.  This is not the role of the Court.  Even

if the Court were to assume, however, that Defendant's Counterclaim intends to assert a claim

for breach of contract against Plaintiff for violating an agreement to pay legal fees, Defendant

FBT does not allege or put forth evidence supporting any of the elements of a breach of contract

claim.  A claim for breach of contract in Ohio "must show that a contract existed, the plaintiff

performed, the defendant breached, and the plaintiff suffered damages."  *Pavlovich v. Nat'l City

Bank*, 435 F.3d 560, 565 (6th Cir. 2006) (*citing Wauseon Plaza Ltd. P'ship v. Wauseon

Hardware Co.*, 156 Ohio App.3d 575, 807 N.E.2d 953, 957 (Ohio Ct. App. 2004)).  Thus, even if

Defendant's Counterclaim did identify a cause of action for breach of contract, Plaintiff would

also be entitled to summary judgment on this basis as well, because Defendant fails to satisfy the

necessary elements as a matter of law.  *See Bukowski v. Hall*, 165 F. Supp. 2d 674, 677 (N.D.

Ohio 2001) ("Summary judgment is appropriate here, because regardless of how the Court

characterizes the defendant's counterclaim, it fails as a matter of law.  Defendant Hall

counterclaims for damages coming from the false accusations he says the plaintiffs made. The

defendant does not explicitly identify the cause of action upon which he seeks relief.  Based

upon the wording of the defendant's counterclaim and the nature of injury he alleges, it appears

that his action sounds in tort for either malicious prosecution or defamation.  In either cause of action, however, the defendant fails to satisfy the necessary elements as a matter of law.").

### B.  Rule 11 Sanctions

Plaintiff's Reply brief (Doc. 98) asks this Court to strike the Declaration of Defendant Attorney Joseph Dehner, attached to FBT's Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment, and "impose other sanctions as appropriate" because "Plaintiff believes that Defendant Dehner's Declaration was filed in bad faith."  (Doc. 98 at 6).  Although not the height of clarity, the Court takes Plaintiff's request as a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure.

### 1.  Legal Standard

Federal Rule of Civil Procedure 11 provides that, when a motion is submitted, a party or counsel represents to the court that:

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; ....

Fed. R. Civ. P. 11(b)(1)-(3).

Rule 11 was adopted to "require litigants to 'stop-and-think' before initially making legal or factual contentions."  Fed. R. Civ. P. 11 advisory committee notes (1993 Amendments).  The focus of the rule is narrow, concerned only with whether the attorney believes "on the basis of reasonable inquiry that there is a reasonable basis in law and fact for the position taken and that

the paper is not filed for an improper purpose" at the time that the paper is signed. *Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1229 (6th Cir.1989).

If the Court determines that Rule 11(b) has been violated, the Court may impose appropriate sanctions on the attorneys or parties who violated the Rule or are responsible for the violation. *See* Fed. R. Civ. P. 11(c). The standard for determining whether to impose sanctions is one of objective reasonableness. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir.2002) (recognizing that "the imposition of Rule 11 sanctions requires a showing of 'objectively unreasonable conduct' ") (*quoting United States v. Kouri-Perez*, 187 F.3d 1, 8 (1st Cir.1999)); *Union Planters Bank v. L & J Development Co., Inc.*, 115 F.3d 378, 384 (6th Cir.1997) (finding that the test for the imposition of Rule 11 sanctions is "whether the individual's conduct was reasonable under the circumstances") (citation omitted); *see also Waste Mgmt. Inc. v. Danis Indus. Corp.*, No. 3:00-CV-256, 2014 WL 4559228, at *4 (S.D. Ohio Sept. 12, 2014) (noting that to determine if a Rule 11 violation warrants sanctions the Court must "whether the attorney's conduct was reasonable under the circumstances.").

Relevant factors for determining whether the attorney acted reasonably include: "'the time available to the signor for investigation; whether the signor had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion, or other paper was based on a plausible view of the law; or whether the signor depended on forwarding counsel or another member of the bar.'" *Davis v. Crush*, 862 F.2d 84, 88 (6th Cir.1988) (*quoting Century Products, Inc. v. Sutter*, 837 F.2d 247, 250-51 (6th Cir.1988)).

### 2. *Plaintiff's Request for Sanctions Against Defendant FBT*

In her Reply, Plaintiff spends nearly fifty pages of briefing disputing and denying each factual assertion contained in the Declaration made by Attorney Joseph Dehner, attached to

9

Defendant FBT's Memorandum in Opposition.  She then asserts that this Court should impose sanctions against Defendant because Mr. Dehner's Declaration was made "in bad faith."  The Court surmises that Plaintiff takes issue with Mr. Dehner's Declaration essentially because it presents statements that are contrary to the evidentiary support Plaintiff provided with her own Motion – specifically, an Affidavit submitted by her son, Jonathan Zell. Unfortunately, Plaintiff does not present any evidence demonstrating that Defendant FBT submitted a perjurious or frivolous declaration – other than Plaintiff's personal opinion, to the extent that can be considered "evidence" – or that it was otherwise objectively unreasonable for Defendant's counsel to submit the declaration to this Court under Rule 11.  For these reasons, Plaintiff's motion for sanctions (Doc. 98) is **DENIED**.

### IV.     CONCLUSION

For the reasons states above, Plaintiff's Motion for Partial Summary Judgment (Doc. 86) is **GRANTED**.  Plaintiff's Motion for Sanctions (Doc. 98) is **DENIED**.

**IT IS SO ORDERED.**


        **s/ Algenon L. Marbley**
        **ALGENON L. MARBLEY**
        **UNITED STATES DISTRICT JUDGE**

**DATED:  March 23, 2015**

10