IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EILEEN L. ZELL, | : | |
| | : | Case No. 2:13-CV-00458 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Abel |
| KATHERINE M. KLINGELHAFER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## OPINION & ORDER

### I. INTRODUCTION

This matter comes before the Court on the following motions filed by Plaintiff Eileen Zell ("Plaintiff"):

1. Plaintiff's Motion for Reconsideration of this Court's September 12, 2014 Opinion and Order. (Doc. 90).

2. Plaintiff's Motion for Reconsideration of the Magistrate Judge's September 30, 2014 Order. (Doc. 100).

3. Plaintiff's Motion for Clarification and Plaintiff's Supplement to Motion for Reconsideration. (Doc. 101).[1]

4. Plaintiff's Motion for Reconsideration of the Magistrate Judge's January 14, 2015 Order. (Doc. 125).

5. Plaintiff's Motion for Extension of Time to Supplement Motion for Reconsideration. (Doc. 126).

6. Plaintiff's Supplement to Motion for Reconsideration. (Doc. 128).

For the reasons set forth herein, Plaintiff's Motion for Reconsideration of this Court's September 12, 2014 Opinion and Order, (Doc. 90), is **DENIED**; Plaintiff's Motion for

---

[1] The Court notes that this Motion originally included a motion for reconsideration by former Third-Party Defendant, Jonathan Zell. (*See* Doc. 101). Because Jonathan Zell has been dismissed from this action, any motions by him are now MOOT. The Court will consider only the relevant portions of remainder of the motion pertaining to Plaintiff.

Reconsideration of the Magistrate Judge's September 30, 2014 Order, (Doc. 100), is **DENIED**; Plaintiff's Motion for Clarification and Plaintiff's Supplement to Motion for Reconsideration., (Doc. 101), is **DENIED**; Plaintiff's Motion for Reconsideration of the Magistrate Judge's January 14, 2015 Order, (Doc. 125), is **DENIED**; Plaintiff's Motion for Extension of Time to Supplement Motion for Reconsideration, (Doc. 126), is **DENIED**; and Plaintiff's Supplement to Motion for Reconsideration, (Doc. 128), is **MOOT**.

## II.  BRIEF BACKGROUND

Plaintiff commenced this action for malpractice against Defendants on May 10, 2013, alleging, in sum, that Defendants legal advice about how to go about collecting on an outstanding $90,000 promissory note between Plaintiff Zell and her nephew did not meet the appropriate standard of care required of attorneys under the law.  Pending before the Court are the following motions:  (1) Plaintiff's Motion for Reconsideration of this Court's September 12, 2014 Opinion and Order, (Doc. 90); (2) Plaintiff's Motion for Reconsideration of the Magistrate Judge's September 30, 2014 Order, (Doc. 100); (3) Plaintiff's Motion for Clarification and Plaintiff's Supplement to Motion for Reconsideration, (Doc. 101); (4) Plaintiff's Motion for Reconsideration of the Magistrate Judge's January 14, 2015 Order, (Doc. 125); Plaintiff's Motion for Extension of Time to Supplement Motion for Reconsideration, (Doc. 126); and Plaintiff's Supplement to Motion for Reconsideration, (Doc. 128).  Each of these matters is ripe for this Court's review.

## III.  STANDARD OF REVIEW

### A. Reconsideration under Rule 59(e)

Under Fed. R. Civ. P. 59(e), a district court will reconsider its own prior decision "if the moving party demonstrates:  (1) a clear error of law; (2) newly discovered evidence that was not

previously available to the parties; or (3) an intervening change in controlling law." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Exp., Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003). A judgment also may be altered or amended when necessary "to prevent manifest injustice." *Gen. Corp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A motion under Rule 59(e), however, is "not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engle*r, 146 F.3d 367, 374 (6th Cir. 1998). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008) (quotation omitted). Generally, a finding of manifest injustice or a clear error of law requires "unique circumstances," such as complete failure to address an issue or claim. *McWhorter v. ELSEA, Inc.*, No. 2:00-CV-473, 2006 WL 3483964, at *2 (S.D. Ohio Nov. 30, 2006) (citing *Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994)).

  The grant or denial of a Rule 59(e) motion "is within the informed discretion of the district court." *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). Significantly, "justice does not require that the district court [grant reconsideration] on an issue that would not alter the district court's prior decision." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959-60 (6th Cir. 2004). In addition, a court will not find a clear error of law when the moving party claims that the court misinterpreted or omitted key facts. *See Jones v. Cincinnati*, No. 1:04-CV-616, 2011 WL 4888867, at *1 (S.D. Ohio Oct. 13, 2011) (concluding that "[t]he proper forum for additional argument is in the Court of Appeals."). Furthermore, a court will not find manifest injustice when the moving party simply reargues the issues that were

not previously successful. *See Render v. Forest Park Police Dept.*, No. 1:07-CV-489, 2009 WL 2168783 (S.D. Ohio July 26, 2009).

A motion under Rule 59(e) is "not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engle*r, 146 F.3d 367, 374 (6th Cir. 1998). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008) (quotation omitted). Generally, a finding of manifest injustice or a clear error of law requires "unique circumstances," such as complete failure to address an issue or claim. *McWhorter v. ELSEA, Inc.*, No. 2:00-CV-473, 2006 WL 3483964, at *2 (S.D. Ohio Nov. 30, 2006) (citing *Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994)). Significantly, "justice does not require that the district court [grant reconsideration] on an issue that would not alter the district court's prior decision." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959-60 (6th Cir. 2004).

### B. Reconsideration under Rule 72(a)

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, a magistrate judge's decision on a non-dispositive matter, such as whether to grant sanctions under Rule 37 of the Federal Rules of Civil Procedure, will be reversed by the district court if it is "clearly erroneous or is contrary to the law." Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). Review under Rule 72(a) provides "considerable deference to the determinations of magistrates." *In re Search Warrants Issued Aug. 29, 1994*, 889 F.Supp. 296, 298 (S.D. Ohio 1995) (quotation omitted). Moreover, it is ordinarily the case that the District Judge need not consider any argument not presented to the Magistrate Judge. *Carter v. Wilkinson*, 200999 WL 891748, *5 (S.D. Ohio March 30, 2009) (Marbley, J.).

# IV. ANALYSIS

### A. Plaintiff's Motion for Reconsideration of this Court's September 12, 2014 Opinion and Order

On September 12, 2014, this Court issued an Opinion and Order granting in part and denying in part Defendant's Motion for Summary Judgment (Doc. 40) and granting in part and denying part Plaintiff's Motion for Summary Judgment (Doc. 19). Plaintiff's claims against Defendants Laub, Bozell, and Morris were dismissed.

Plaintiff first generally contends that this Court erred in its Opinion and Order by focusing only on evidence submitted with each respective motion, instead of reviewing other evidence on the record that was relevant to the issue. Plaintiff then makes specific arguments, seeking reconsideration and reversal of the September 12, 2014 Opinion and Order on two issues: (1) the Court's dismissal of Defendants Laub, Bozell, and Morris because they were not timely sued; and (2) the Court's decision that Defendant Rupert's representation of Plaintiff did not terminate within the statute of limitations.

With respect to this Court's dismissal of Defendants Laub, Bozell, and Morris, Plaintiff argues that all Defendants were timely sued, challenging this Court's determination of the "cognizable event" of malpractice for the purposes of determining when the statute of limitations began to run. Plaintiff also argues that this Court's decision incorrectly interpreted and applied Ohio state cases *Fisk* and *Wuerth*. Plaintiff further asserts that Defendants' discovery abuses, which she alleges took place after the motions for summary judgment (which were under consideration in the September 12, 2014 Opinion and Order) were fully briefed, kept Plaintiff from presenting essential facts to the Court prior to its decision.

In support of Plaintiff's challenge to this Court's decision regarding Rupert's termination as Plaintiff's counsel, Plaintiff makes an argument made in the underlying summary judgment

briefing: that Rupert's absence from the state means that he should not be deemed to have terminated his representation of Plaintiff within the relevant statute of limitations.

Defendant opposes, arguing that Plaintiff fails to demonstrate the existence of any factors that justify reconsideration, or even to discuss the relevant legal standards for reconsideration to be granted. This Court agrees.

Plaintiff fails to set forth a clear error of law, newly discovered evidence that was not previously available to the parties, an intervening change in controlling law, or manifest injustice such that alteration or amendment of this Court's September 12, 2014 Opinion and Order is necessary. *See Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Exp., Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003); *Gen. Corp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Indeed, this Court cannot identify any "unique circumstances" in the present case such that manifest injustice will result without reconsideration of the Court's Opinion and Order. Plaintiff's motion reiterates old arguments, or presents new legal theories. *See McWhorter*, 2006 WL 3483964 at *2. Such arguments, however, do not offer grounds for reconsideration, and are better suited for appeal. *See Sault Ste. Marie Tribe of Chippewa Indians*, 146 F.3d at 374 (A motion under Rule 59(e) is "not an opportunity to re-argue a case."); *Exxon Shipping Co.*, 554 U.S. at 486 n. 5 (Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

For these reasons, Plaintiff's Motion for Reconsideration of this Court's September 12, 2014 Opinion and Order, (Doc. 90), hereby is DENIED.

### B. Plaintiff's Motion for Reconsideration of the Magistrate Judge's September 30, 2014 Order

On September 30, 2014, the Magistrate Judge issued an order denying sanctions against Defendants under Rule 37 of the Federal Rules of Civil Procedure. In Plaintiff's underlying

motion, she requested discovery sanctions against Defendants for failure to respond to certain interrogatories.  Plaintiff specifically asked that the Magistrate Judge grant sanctions against Defendant in the form of reversal of this Court's grant of summary judgment in favor of Defendants Laub, Bozell, and Morris in the September 12, 2014 Opinion and Order.  The Magistrate Judge found that the issues raised in Plaintiff's motion for sanctions were raised in her Motion for Reconsideration, (Doc. 90), and that the substance of Plaintiff's motion should be addressed in this Court's order on the Motion for Reconsideration.

In Plaintiff's Motion for Reconsideration of the Magistrate Judge's September 30, 2014 Order, Plaintiff presents only argument about why this Court should reverse its decision to dismiss Defendants Laub, Bozell, and Morris, found within September 12, 2014 Opinion and Order.  Plaintiff presents no argument or evidence that the Magistrate Judge's decision was "clearly erroneous or is contrary to the law." Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A).  In light of the "considerable deference to the determinations of magistrates," *In re Search Warrants Issued Aug. 29, 1994*, 889 F.Supp. at 298, this Court finds that Plaintiff's Motion for Reconsideration of the Magistrate Judge's September 30, 2014 Order, (Doc. 100), must be DENIED.

### C.  Plaintiff's Motion for Clarification and Plaintiff's Supplement to Motion for Reconsideration

In Plaintiff's Motion for Clarification and Plaintiff's Supplement to Motion for Reconsideration, Plaintiff attempts to supplement her Motion for Reconsideration (Doc. 100) to make additional arguments relating to why it believes the Magistrate Judge's September 30, 2014 order was incorrect.  Unfortunately, Plaintiff's Motion (Doc. 101) was filed untimely under Rule 72 of the Federal Rules of Civil Procedure, and thus DENIED.

### D.  Plaintiff's Motion for Reconsideration of the Magistrate Judge's January 14, 2015 Order

Plaintiff next requests reconsideration the Magistrate Judge's January 14, 2015 Order wherein the Magistrate Judge again denied Plaintiff's request to impose discovery sanctions against Defendants.  Plaintiff's underlying motion for sanctions alleged that Defendants failed to comply with the Magistrate Judge's September 30, 2014 Order.  For that reason, Plaintiff again requested that the Magistrate Judge impose sanctions on Defendants in the form of reversal of this Court's decision to dismiss Laub, Bozell, and Morris as Defendants, contained within this Court's September 12, 2014 Opinion and Order.  In the Motion for Reconsideration, Plaintiff insists that law mandates the imposition of sanctions, and thus the Magistrate Judge's January 14, 2015 Order was in error.

To the contrary, however, the imposition of sanctions, or the type of sanctions imposed, is within the sound discretion of the court based on the facts of each particular case.  *Tuttle v. Tyco Electronics Installation Servs., Inc.*, No. 2:06-CV-581, 2007 WL 4561530, at *2 (S.D. Ohio Dec. 21, 2007) (citing *National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Regional Refuse Sys. v. Inland Reclamation Co.,* 842 F.2d 150, 154 (6th Cir. 1988)).  Plaintiff's disagreement with the Magistrate Judge's decision not to impose sanctions alone is insufficient to demonstrate that the decision was "clearly erroneous or is contrary to the law." Fed.R.Civ.P. 72(a).  Therefore, D.  Plaintiff's Motion for Reconsideration of the Magistrate Judge's January 14, 2015 Order,(Doc. 125), is DENIED.

### E.  Plaintiff's Motion for Extension of Time to Supplement Motion for Reconsideration

Plaintiff requests an extension of time to supplement her Motion for Reconsideration of this Court's September 12, 2014 Opinion and Order and asks this Court not to enter final judgment on that same motion as a final judgment so she is able to file an interlocutory appeal to

the Sixth Circuit if necessary. The only grounds Plaintiff offers justifying her requesting for an extension of time to supplement – and, indeed, the only reason she desires to supplement at all – is because of discovery she received after the Court's September 12, 2014 Opinion and Order. At the time Plaintiff's Motion for Summary Judgment, (Doc. 19), was filed and briefed, however, she was aware that discovery had not taken place. This is an insufficient ground for which an extension of time to supplement Plaintiff's Motion for Reconsideration should be granted. Therefore, Plaintiff's Motion for Extension of Time to Supplement Motion for Reconsideration, (Doc. 126), hereby is **DENIED**.

### F. Plaintiff's Supplement to Motion for Reconsideration

Because Plaintiff's request for an extension of time to supplement her Motion for Reconsideration of this Court's September 12, 2014 Opinion and Order has been denied, Plaintiff's Supplement to the Motion for Reconsideration, (Doc. 28), filed before receiving leave of this Court, is MOOT and will not be considered in deciding Plaintiff's Motion for Reconsideration of this Court's September 12, 2014 Opinion and Order (Doc. 90).

### V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration of this Court's September 12, 2014 Opinion and Order, (Doc. 90), is **DENIED**; Plaintiff's Motion for Reconsideration of the Magistrate Judge's September 30, 2014 Order, (Doc. 100), is **DENIED**; Plaintiff's Motion for Clarification and Plaintiff's Supplement to Motion for Reconsideration., (Doc. 101), is **MOOT in part** and **DENIED in part**; Plaintiff's Motion for Reconsideration of the Magistrate Judge's January 14, 2015 Order, (Doc. 125), is **DENIED**; Plaintiff's Motion for Extension of Time to Supplement Motion for Reconsideration, (Doc. 126), is **DENIED**; and Plaintiff's Supplement to Motion for Reconsideration, (Doc. 128), is **MOOT**.

IT IS SO ORDERED.

                                               **s/ Algenon L. Marbley**
                                          **ALGENON L. MARBLEY**
                                          **UNITED STATES DISTRICT JUDGE**

**DATED:  September 22, 2015**