IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EILEEN L. ZELL, | : | |
| | : | Case No. 2:13-CV-00458 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Kemp |
| KATHERINE M. KLINGELHAFER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**<u>OPINION & ORDER</u>**

This matter comes before the Court for consideration of two motions by Plaintiff Eileen L. Zell: (1) the Motion to Amend this Court's Opinion and Orders of September 12, 2014 and September 22, 2015, to certify them both for interlocutory appeal, and to stay further proceedings in this case pending appeal (Doc. 139); and (2) the Motion for Reconsideration of the Magistrate Judge's Order denying her leave to file a second amended complaint. (Doc. 141.) The Court **DENIES** both motions.

I.  BACKGROUND

Plaintiff brought this action for malpractice against Defendants on May 10, 2013, contending that Defendants' legal advice about how to go about collecting on an outstanding $90,000 promissory note between Plaintiff Zell and her nephew did not meet the appropriate standard of care required of attorneys under the law. (Doc. 2.) The parties filed cross motions for partial summary judgment and the Court granted in part and denied in part both motions. (Doc. 89.) Specifically, the Court dismissed Plaintiff's claims against Defendants Laub, Bozell, and Morris because they were barred by the statute of limitations for legal-malpractice claims under Ohio law, while allowing Defendants Klingelhafer, Rupert, Dehner and Frost Brown Todd

1

("FBT") to proceed. The Court granted summary judgment to Plaintiff on those Defendants' affirmative defenses of lack of personal jurisdiction, failure of service, and the statute of limitations. (*Id.*) Plaintiff moved to reconsider the Court's order (Doc. 90) and the Court denied the motion on September 22, 2015. (Doc. 138.) Plaintiff now moves to amend both the summary-judgment order (Doc. 89) and the denial of reconsideration. (Doc. 138.)

On June 3, 2015, Plaintiff also moved for leave to file a second amended complaint, and the Magistrate Judge denied the motion. (Doc. 135.) Plaintiff moved the Court for reconsideration of the Magistrate Judge's order. (Doc. 141.)

## II. ANALYSIS

### A. Motion to Amend this Court's Previous Orders

#### 1. Rule 59(e) Standard

Under Federal Rule of Civil Procedure 59(e), a court will reconsider its own prior decision "if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Express, Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003). A judgment also may be altered or amended when necessary "to prevent manifest injustice." *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A motion under Rule 59(e), however, is not intended to relitigate issues previously considered by the Court or to present evidence that could have been raised earlier. *See J.P. v. Taft*, No. C2-04-692, 2006 WL 689091, at *3 (S.D. Ohio Mar. 15, 2006). A finding of manifest injustice or a clear error of law requires "unique circumstances," such as complete failure to address an issue or claim. *McWhorter v. ELSEA, Inc.*, No. 2:00-CV-473,

2006 WL 3483964, at *2 (S.D. Ohio Nov. 30, 2006) (citing *Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994)).

*2. Merits*

Plaintiff's motion to amend is in essence a Rule 59(e) motion to reconsider the Court's order denying her earlier motion to reconsider the Court's partial grant of summary judgment to Defendants. Like her earlier motion to reconsider, this motion, while lengthy, is short on discussion of any clear error of law, newly discovered evidence, or intervening change in controlling law. Accordingly, it must be denied.

Plaintiff's motion restates her previous arguments in her summary-judgment briefing as well as her earlier motion for reconsideration. (*See* Docs. 19, 46, 90.) She insists that she has presented newly discovered evidence—emails that Defendants produced in discovery after the Court's summary-judgment order on the statute-of-limitations issue—in her Supplement to the earlier motion for reconsideration, which the Court declined to consider in its ruling on that motion because Plaintiff had known at the time of filing her summary-judgment motion that some discovery remained outstanding in the case. (*See* Doc. 138 at 9.) She further claims that Defendants have provided no direct evidence of the dates that Defendants Laub, Bozell, and Morris had last worked on Plaintiff's legal matter or of any clear and unambiguous acts that demonstrated a termination of their attorney-client relationship with Plaintiff. Defendants have, however, submitted detailed evidence of when and why Laub, Bozell, and Morris stopped working on Plaintiff's case. (*See, e.g.*, Declaration of Patricia Laub, Doc. 132-1 at ¶¶ 3-4; Declaration of Shannah Morris, Doc. 132-2 at ¶¶ 4-6.) And Plaintiff's voluminous briefing fails to convey to the Court what, exactly, in Defendants' newly produced emails would merit reconsideration of the statute-of-limitations issue. Absent any newly discovered evidence on this

3

question, nor any clear error of law or intervening change in controlling law, the Court declines to reverse its grant of summary judgment.

Plaintiff further charges that the Court has never ruled on the merits of her motion for sanctions, presumably attempting to show a complete failure to address a claim, which could constitute "unique circumstances" to prompt the Court to find that a "manifest injustice" would occur if it did not grant her motion to reconsider. *See McWhorter*, 2006 WL 3483964, at *2. Plaintiff misreads the record.

In his January 14, 2015 order denying sanctions for alleged discovery violations, Magistrate Judge Abel concluded that "[b]ecause the issues raised in plaintiff's October 20, 2014 motion for sanctions are also raised in her September 17, 2014 motion for reconsideration of the order granting summary judgment, the merits of plaintiff's arguments should be addressed in a ruling on the motion for reconsideration." (Doc. 123 at 8.)  The Court later upheld the Magistrate Judge's order denying sanctions (Doc. 138), and Zell now contends that the Court's order simply deferred to the Magistrate Judge's determination rather than considering the motion for sanctions on the merits.  This argument takes the Magistrate Judge's sanctions order out of context.  In her motion for sanctions, although Plaintiff's objection pertained to Defendants' conduct in allegedly failing to disclose relevant information in Plaintiff's second set of interrogatories, the remedy Plaintiff sought was not to respond more fully to the interrogatories but, instead, to reverse the Court's summary-judgment order dismissing Laub, Bozell, and Morris.  (*See* Doc. 123 at 7.)  In his order denying sanctions, the Magistrate Judge noted that "[a] motion for discovery sanctions is not an appropriate vehicle for overturning a decision granting summary judgment when the issues raised could have been presented to the court in the briefing of the motion for summary judgment." (*Id.* at 7-8.)  In other words, the Magistrate Judge

4

declined to impose the sanction of overturning a grant of summary judgment because it would have been an inappropriate remedy given the case's procedural posture; instead, he found that it was proper for this Court to consider the underlying arguments in the pending motion for reconsideration. This Court then proceeded to reject the motion for reconsideration on the merits, finding that Plaintiff had presented no newly discovered evidence. (Doc. 138 at 8.) Accordingly, in declining to reverse itself on the grant of summary judgment in that earlier motion for reconsideration, finding no new evidence or change in law that would necessitate such a reversal, the Court also declined to reverse the Magistrate Judge's decision not to impose sanctions in the form of such a reversal. Here again, Plaintiff has given the Court no reason to reconsider its earlier summary-judgment order. *See McWhorter*, 2006 WL 3483964, at *3 (the defendants' request is a motion for summary judgment disguised as a motion for reconsideration, which falls squarely outside the criteria which justify a motion to reconsider an interlocutory order. In the interest of finality, the Court will not re-visit the defendants' motion for summary judgment because the defendants already had an opportunity to make these arguments

*3. Interlocutory Appeal Under 28 U.S.C. § 1292(b)*

Plaintiff next asks that the Court to certify for interlocutory appeal its grant of summary judgment on the claims against Laub, Bozell, and Morris on statute-of-limitations grounds. Under 28 U.S.C. § 1292(b), a district court may certify an issue for interlocutory appeal if a moving party shows: (1) the matter involves a controlling question of law; (2) "there is substantial ground for difference of opinion respecting the correctness of the district court's decision"; and (3) "an immediate appeal would materially advance the ultimate termination of the litigation." *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993). Review under § 1292(b) should be "sparingly granted" only in "exceptional cases." *Id.*

5

In her motion to amend, Zell enumerates several purportedly controlling questions of law, focusing in particular on what she considers the Court's erroneous interpretation of both the "cognizable event" and "termination of attorney-client relationship" prongs of the statute-of-limitations inquiry for malpractice claims. Because Plaintiff takes issue primarily with what she considers the Court's refusal to take into account the factual evidence Defendants supposedly withheld until after she filed her motion for summary judgment, the Court finds that she has not pointed to a controlling legal issue that would warrant immediate appellate review.

Moreover, an immediate appeal would not materially advance the ultimate termination of this litigation. Plaintiff argues that if she appeals the grant of summary judgment against the three dismissed Defendants after a trial on her claims against the remaining Defendants, and she wins on appeal, the case will be remanded back to this Court for a second trial against these three Defendants, which would be a waste of judicial resources. But this argument could be made for any order that grants summary judgment for some defendants and denies it to others. Plaintiff has not shown that her case stands apart as an "exceptional case[] where an intermediate appeal may avoid protracted and expensive litigation." *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974). Because a win for Plaintiff on interlocutory appeal would not terminate this case, and because Plaintiff has not shown any other compelling reason to permit an interlocutory appeal, the Court declines to certify this issue for appeal under § 1292(b).

### 3. Motion for Reconsideration of Magistrate Judge's Order

*1. Rule 72(a) Standard*

Under Federal Rule of Civil Procedure 72(a), a party may object to a Magistrate Judge's pretrial order on nondispositive matters. This Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed R.

Civ. P. 72(a); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). Review under Rule 72(a) provides "considerable deference to the determinations of magistrates." *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995) (citation omitted).

### 2. Merits

After the Court's summary-judgment order, Plaintiff filed a motion for leave to file a second amended complaint, seeking to add as a defendant Aaron M. Bernay, a Frost Brown Todd attorney, or to substitute him for Morris, whom the Court had already dismissed from the case. (Doc. 135.) Zell contended that she had only recently learned that Bernay, not Morris, provided the allegedly erroneous legal advice concerning the Missouri and Ohio statutes of limitations.

A party may amend its pleading as a matter of course within 21 days of service of the complaint or within 21 days of the earlier of either being served with a responsive pleading or a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1)(A)-(B). In all other circumstances, an amended pleading may be filed only with consent of the opposing party of with leave of court, which should be freely give "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Sixth Circuit has said that:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Forman v. Davis*, 371 U.S. 178, 182 (1962). The party opposing leave to amend must demonstrate significant prejudice. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999). Importantly, "the district court may deny a motion for leave to amend a complaint if such complaint, as amended, could not withstand a motion to dismiss." *Neighborhood Dev. Corp. v. Advisory Council on Historic Preservation,* 632 F.2d 21, 23 (6th Cir. 1980).

7

The Magistrate Judge found that because this Court had already resolved the statute-of-limitations issue on summary judgment as to Defendant Morris—dismissing the claim against her as outside the statute of limitations because her representation of Plaintiff terminated on May 10, 2011—leave to amend to add or substitute Bernay would be futile.  (Doc. 140 at 4-5.)  In the summary-judgment order, the Court concluded that the malpractice claim against Morris was time-barred because the cognizable event related to that issue—the state trial court's grant of summary judgment—happened more than a year before this suit was filed, and Morris had ceased to represent Zell more than one year before she filed suit.  (Doc. 89 at 11.)  Additionally, the Court concluded that for the purposes of the statute of limitations, each individual FBT attorney's representation of Zell ended when that individual stopped working on the case.  (*Id.* at 12.)  The Magistrate Judge found that a potential claim against Bernay, who did legal research for Zell's case at Morris's request, would fail for essentially the same reasons as the claim the Court previously dismissed against Morris, because Zell does not allege that Bernay performed any work on her case after Morris's representation terminated on May 10, 2011.  (Doc. 140 at 4-; *see also* Declaration of Aaron Bernay, Doc. 136-1.)  The Magistrate Judge further found that Plaintiff was not entitled to equitable tolling because none of the arguments relating to Defendants' allegedly dilatory conduct in discovery is relevant to an explanation of why she was delayed in filing this suit because this conduct occurred *after* the statute of limitations expired.  (*Id.* at 5-6.)  Therefore, he denied her motion for leave to amend.  Zell timely objected.  (Doc. 141.)

In her Objection to the Magistrate Judge's Order, Plaintiff attempts to re-litigate the statute-of-limitations issue on which this Court has already ruled.  Specifically, Plaintiff disputes the Court's ruling that the "cognizable event" was the state trial court's summary-judgment

8

ruling, and also contends that the Court has used the wrong legal standard in determining that the limitations period expired under the termination-of-representation prong of the test, in particular, that it misapplied *Fisk* in its summary-judgment order.  The Court has already addressed these legal arguments ad nauseam, in its summary-judgment order, denial of Plaintiff's motion for reconsideration, and again, *supra*, in the denial of the motion to amend the other two orders.

She also argues that Defendants should have been equitably estopped from asserting a statute-of-limitations defense because they allegedly told Plaintiff to wait until the state appeals court issued its decision to file this suit, while engaging in bad-faith settlement negotiations, until the statute of limitations expired.  This argument has nothing to do with Bernay's representation of Plaintiff and, as such, does not help her case.  Because she has pointed to no legal error in the Magistrate Judge's order, Plaintiff's motion for reconsideration of the denial of leave to amend is **DENIED**.

Plaintiff also asks the Court, in the event that it denies her motion for reconsideration, to certify this issue for interlocutory appeal.  For the same reasons the Court denies Zell's motion to amend, discussed *supra*, Section II(A)(3), the Court declines to certify this issue for interlocutory appeal.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Amend (Doc. 139) and to certify this case for interlocutory appeal are **DENIED**.  Plaintiff's Motion for Reconsideration (Doc. 141) is also **DENIED**.

**IT IS SO ORDERED.**

                                                s/ Algenon L. Marbley
                                                **ALGENON L. MARBLEY**
                                                **UNITED STATES DISTRICT JUDGE**

**DATED:  April 18, 2016**