IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EILEEN ZELL, | : |
| Plaintiff, | : |
| v. | : Case No. 13-cv-458 |
| KATHERINE M. KLINGELHAFER, et al., | : JUDGE ALGENON L. MARBLEY |
| | : Magistrate Judge Deavers |
| Defendants. | : |

**OPINION AND ORDER**

This matter is before the Court on two motions: Plaintiff's Motion for a New Trial, New Findings, and Other Relief (ECF No. 211), and Plaintiff's Motion to Amend the Record (ECF No. 223). For the reasons set forth below, the Motion for a New Trial, New Findings, and Other Relief is **DENIED** and the Motion to Amend the Record is **GRANTED**.

## I. BACKGROUND

This case arises out of a $90,000 promissory note between Plaintiff Eileen Zell and her nephew, Michael Mindlin, made in December 2000. (Compl., ECF No. 2 at ¶ 13). While planning her strategy to collect on the note, Plaintiff engaged a law firm, Frost Brown Todd, LLC ("FBT") to advise her. (*Id.* at ¶ 14). Before she could bring suit, however, Mindlin filed his own affirmative action for declaratory relief in Franklin County, Ohio. Based on advice from FBT attorneys, Plaintiff consented to the jurisdiction of the Ohio courts and participated in Mindlin's case. From the pre-lawsuit planning stage through the conclusion of her nephew's case and subsequent appeals, Plaintiff was represented personally by a succession of FBT attorneys. At first, Plaintiff was represented by Patricia Laub, a partner at FBT, assisted by Shannah Morris

1

and Douglas Bozelle, and overseen by Joseph Dehner. Ms. Laub's personal representation of Plaintiff ended on October 22, 2010, when Ms. Morris assumed primary responsibility. On May 6, 2011, Plaintiff requested that FBT replace Ms. Morris, and Mr. Rupert took over four days later. (*Id.* at ¶¶ 39-40). Mr. Rupert personally represented Plaintiff from May 10, 2011 through March 28, 2012, at which time he moved to Seattle. (*Id.* at ¶ 57).

Katherine Klingelhafer also worked on Plaintiff's case, drafting at least two research memoranda on July 13 and August 8, 2011, addressing the choice of law issue related to Plaintiff's note. (*Id.* at ¶¶ 123, 125-26, 135-38, 140, 146). After Mr. Rupert's departure, Mr. Dehner took over personal representation of Plaintiff, including representing Plaintiff on appeal, and provided his opinion on her seeking review by the Ohio Supreme Court. (*Id.* at ¶¶ 59, 151). Mr. Dehner's last interaction with Plaintiff as her attorney was August 13, 2012, after which he informed her that FBT was withdrawing from her case. (*Id.* at ¶¶ 59-61).

Plaintiff ultimately lost her case against her nephew. Judge Richard Sheward of the Franklin County Court of Common Pleas, found that, because she attempted to recover on her note more than six years after its execution, Plaintiff's claim was not timely under Ohio law, and the court thus entered judgment against her. *Mindlin v. Zell*, No. 10CVH-14965 (Franklin Cty. C.P. Oct. 12, 2011). On appeal, the Court of Appeals for the Tenth Appellate district agreed, and further rejected Plaintiff's alternative arguments on the basis that they were not raised at the trial level, and thus could not be considered on appeal. *Mindlin v. Zell*, No. 11AP-983 (Ohio App. Aug. 7, 2012). The Tenth District twice denied Plaintiff's requests that it reconsider its decision. *Mindlin v. Zell*, No. 11AP-983 (Ohio App. Oct. 25, 2012); *Mindlin v. Zell*, No. 11AP-983 (Ohio App. Dec. 31, 2012). Plaintiff opted not to seek review by the Ohio Supreme Court.

In her Complaint, Plaintiff alleged at least two distinct acts of malpractice by FBT and several of the attorneys at the firm related to their representation of her on the promissory note matter. First, she argued that Defendants erroneously advised her that her note would be subject to Missouri's ten-year statute of limitations, rather than Ohio's six-year period, even if her case were adjudicated in Ohio. (*Id.* at ¶¶ 81-82, 84). Based on these representations, Plaintiff alleged that she rejected an offer to settle the case against her nephew for $63,000. (*Id.* at ¶¶ 101-02, 104, 106-07). She further agreed to submit to the jurisdiction of the Ohio court and to participate in the declaratory action filed by her nephew, with adverse results. (*Id.* at ¶¶ 74-76, 104, 123). As the appellate court explained, "by choosing Ohio as the forum for pursuing her action, [Plaintiff] was subject to Ohio's statute of limitations even if her claim would be timely in Missouri." *Mindlin v. Zell*, No. 11AP-983, ¶ 15 (Ohio App. Aug. 7, 2012). Next, Plaintiff alleged that Defendants erred when they failed to argue before the trial court any alternative or tolling arguments under Ohio law. (ECF No. 2 at ¶¶ 72, 78); *see Mindlin v. Zell*, No. 11AP-983, ¶¶ 17-18 ("Appellant did not, however, raise any of these [alternative] arguments [as to why the promissory note was timely under Ohio law] in the trial court.

In ruling on Defendant's motion for Summary Judgment, this Court dismissed Mrs. Zell's claims against Ms. Laub, Mr. Bozelle, and Ms. Morris, but permitted her claims against Ms. Klingelhafer, Mr. Rupert, Mr. Dehner, and FBT to proceed. (ECF No. 121).

A bench trial on the remaining claims commenced on April 10, 2017. (ECF No. 185). The proceedings lasted four days. At the conclusion of Plaintiff's case, Defendants moved for judgment on partial findings pursuant to Rule 52(c) of the Federal Rules of Civil Procedure. (Trial Trans., Vol. 5, ECF No. 222 at 1019). Rule 52(c) provides:

> If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim

or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. The court may, however, decline to render any judgment until the close of the evidence. A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

After consideration, this Court orally presented its judgment on partial findings as well as its findings of fact and conclusions of law on April 14, 2017. (ECF No. 222, 1064–1076). It rejected all three claims: the legal malpractice claim (*Id.* at 1072), the breach of fiduciary duty claim (*Id.* at 1074), and the breach of contract claim (*Id.* at 1075).

As for the malpractice claim, the Court first noted that "[t]o establish a cause of action for legal malpractice, a plaintiff must show the existence of an attorney-client relationship giving rise to a duty, a breach of that duty, and damages proximately caused by the breach." (*Id.* at 1065 (citing *Ratonel v. Roetzel & Andress, L.P.A.*, 2016-Ohio-8013, ¶ 6, 147 Ohio St. 3d 485, 486, 67 N.E.3d 775, 777 (Ohio 2016)). The firm itself could not be directly liable for legal malpractice, but may be vicariously liable when one or more of its principals or associates are liable for legal malpractice. (*Id.* at 1066 (citing *Nat'l. Union Fire Ins. Co. of Pittsburgh v. Wuerth*, 2009-Ohio-3601, ¶ 26, 122 Ohio St. 3d 594, 600, 913 N.E.2d 939, 945 (Ohio 2009)). The Court found that each of the Defendants had an attorney-client relationship with Ms. Zell that gave rise to a duty, but determined that Mrs. Zell had not shown that Mr. Dehner, Ms. Klingelhafer, or Mr. Rupert breached their respective duties. (*Id.* at 1068-1070). The Court observed that FBT attorneys had, in fact, advised Mrs. Zell that the statute of limitations in Missouri was perhaps more generous than that of Ohio, and that she should consider seeking counsel in Missouri to advise her on the applicable law. (*Id.* at 1071-72). Under those circumstances, no legal malpractice claim could lie.

To establish a breach of fiduciary duty, the Court noted that "a plaintiff must show the existence of a duty arising from a fiduciary relationship . . . , a failure to observe the duty . . . and . . . a resulting injury." (*Id.* at 1072 (citing *Franklin Park Lincoln-Mercury, Inc. v. Ford Motor Co.*, 530 F. App'x 542, 545 (6th Cir. 2013)). Mrs. Zell argued that FBT had a fiduciary duty to advise her—after the case was filed in Ohio but before Mrs. Zell was served—to file in Missouri or to evade service of process on the Ohio suit by retreating to Florida. (*Id.* at 1073). But, as with the malpractice claim, the breach of fiduciary duty claim failed because Mrs. Zell was advised of the statute of limitations issue in Ohio and "was told that if she wanted to pursue collection, then they needed to take immediate actions to determine whether the Missouri laws were more favorable from a limitation vantage point." (*Id.*). Mrs. Zell's fiduciary duty claim therefore failed.

Finally, as for the breach of contract claim, the Court noted that because none of the FBT attorney defendants were liable for legal malpractice, there can be no finding of breach of contract by FBT. (*Id.* at 1075).

The case was dismissed with prejudice on April 21, 2017. (ECF No. 200).

Plaintiff now moves for a "new trial," "new findings," "relief from the findings of fact and conclusions of law" presented at the conclusion of the bench trial, and "relief from th[e] Court's Judgment. . . ." (ECF No. 211). Plaintiff also seeks to amend the trial record to correct certain errors on the "Exhibit and Witness List" created during trial. (ECF No. 223).

## II. ANALYSIS

Mrs. Zell makes two main arguments for post-trial relief: First, she asserts that witnesses for the defense gave false testimony at trial because they were "seemingly-coached" to perjure themselves, and that the Court based its judgment on that testimony. (ECF No. 211 at 1-2).

5

Second, she argues—yet again—that there was no agreement to transfer liability for the legal sufficiency of her case from FBT to her son, Jonathan Zell, and that the Court therefore based its determination at trial on a "falsehood." (*Id.* at 61-63). She seeks post-trial relief under Federal Rules of Civil Procedure 52(a)(5), 52(a)(6), 52(b), 59(a)(1)(B), 59(a)(2), 59(e), and 60(b)(3). This opinion addresses each in turn.

### A. Rule 52

First, Ms. Zell seeks relief under Rule 52(a)(5), 52(a)(6), and 52(b)[1] of the Federal Rules of Civil Procedure. As a threshold matter, Federal Rules of Civil Procedure 52(a)(5) and 52(a)(6) are inapplicable: Rule 52(a) governs the standard of review *appellate* courts are to apply in reviewing a trial court's decision and does not serve as an independent vehicle for a trial court's reconsideration of its own findings.

Rule 52(b), however, does permit a trial court to "amend its findings—or make additional findings" as well as "amend the judgment." FED. R. CIV. P. 52(b). The underlying purpose of Rule 52(b) "is to permit the correction of any manifest errors of law or fact that are discovered, upon reconsideration, by the trial court." *Nat'l Metal Finishing Co. v. BarclaysAmerican / Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir. 1990). It is "not intended to allow parties to

---

[1] Rule 52 of the Federal Rules of Civil Procedure provides, in relevant part:

**(a) Findings and Conclusions.**
. . .
    **(5)** *Questioning the Evidentiary Support.* A party may later question the sufficiency of the evidence supporting the findings, whether or not the party requested findings, objected to them, moved to amend them, or moved for partial findings.
    **(6)** *Setting Aside the Findings.* Findings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous, and the reviewing court must give due regard for the trial court's opportunity to judge the witnesses' credibility.
**(b) Amended or Additional Findings.** On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59.
FED.R.CIV.P. 52.

rehash old arguments already considered and rejected by the trial court." *Id.* (citing *American Train Dispatchers Ass'n v. Norfolk & Western Ry. Co.,* 627 F.Supp. 941, 947 (N.D.Ind.1985)).

Although her briefing is voluminous, at no point in 137 pages of legal memoranda accompanying her post-trial motions does Mrs. Zell demonstrate legal error, newly discovered evidence, change in law, or manifest injustice. Indeed, every one of Mrs. Zell's post-trial arguments were fully considered and subsequently rejected by the Court at trial. Specifically, she argues that because this Court dismissed a Third-Party Complaint against her son, Jonathan Zell (ECF No. 121), that it necessarily follows that FBT and its attorneys *must* be liable for malpractice. (ECF No. 211 at 18). Such an argument depends on a logical fallacy: it assumes both the existence of malpractice and the necessary existence of an entity liable for that malpractice. Here, as the Court found at trial, there was no malpractice because none of the FBT attorney defendants breached their duties to Mrs. Zell (ECF No. 222 at 1068-1070), and in fact FBT attorneys actively advised her to seek counsel in Missouri. (*Id.* at 1071-72).

Next, she argues that the Court failed to consider certain email correspondence between Jonathan Zell and FBT attorneys—email correspondence that was first excerpted in Mrs. Zell's initial Complaint, and was subsequently addressed in great detail during the pendency of these proceedings. (ECF No. 2, ECF No. 117). This Court did not ignore those emails: it reviewed the emails and after weighing the evidence contained therein, determined at trial that there was no basis for a cause of action for legal malpractice. (*See, e.g.*, ECF No. 206 at 9-10).

### B.     Rule 59

Next, Mrs. Zell argues that she is entitled either to a new trial or an amended judgment under Rules 59(a)(1)(B), 59(a)(2), and 59(e) [2] of the Federal Rules of Civil Procedure. Faced

---

[2] Rule 59 of the Federal Rules of Civil Procedure provides, in relevant part:

with a Rule 59 motion, a court may choose, "in the interest of judicial economy, to rely on its earlier decision as the definitive resolution of the issues decided therein," or it may "if it deems appropriate, revisit any legal determination *de novo* and alter, amend, or even reverse the prior decision if justice so requires." *Treesh v. Cardaris*, No. 2:10-CV-437, 2010 WL 4809111, at *1 (S.D. Ohio Nov. 17, 2010) (citing *Binkley Co. v. Eastern Tank, Inc.*, 831 F.2d 333, 336 n. 4 (1st Cir.1987); *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 n. 5 (6th Cir.1982)). But Rule 59 does not give a party an opportunity to "re-argue a case." *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Indeed, such motions are "seldom granted" because relief "contradicts notions of finality and repose." *Coleman v. United States*, No. 2:05-CR-0043(1), 2017 WL 2266881, at *2 (S.D. Ohio May 23, 2017) (quoting *Thompson v. Kline,* No. 4:16-cv-1926, 2017 WL 1166128, at *2 (N.D. Ohio March 29, 2017)).

Generally, courts will disfavor Rule 59 motions unless the motion calls "attention to an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law." *Id.* (quoting *Davie v. Mitchell,* 291 F. Supp. 2d 573, 634 (N.D. Ohio 2003)). If, on the other hand, a Rule 59 motion merely quibbles with the Court's decision, the proper recourse is not a motion for reconsideration but instead an appeal to the

---

**(a) In General.**
    **(1)** *Grounds for New Trial.* The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:
        . . .
        **(B)** after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.
    **(2)** *Further Action After a Nonjury Trial.* After a nonjury trial the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.
**(e) Motion to Alter or Amend a Judgment.** A motion to alter or amend a judgment must be filed no later than 38 days after the entry of the judgment.
FED.R.CIV.P. 59.

Sixth Circuit. *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996).

Mrs. Zell presents no controlling authority that was overlooked in the original ruling, presents no new evidence, and has not convinced this Court that its prior judgment contained manifest errors of fact or law. She therefore cannot succeed in a Rule 59 motion.

### C. Rule 60(b)(3)

Rule 60(b)(3)[3] "allows a district court to grant relief in cases of 'fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party.'" *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 455 (6th Cir. 2008) (quoting FED.R.CIV.P. 60(b)(3)). In this context, "[f]raud is the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment." *Id.* (citing BLACKS LAW DICTIONARY 685 (8th ed.2004); 37 Am.Jur.2d Fraud and Deceit § 23 (2001) ("The five traditional elements of fraud ... include: a false representation; in reference to a material fact; made with knowledge of its falsity; with the intent to deceive; and on which an action is taken in justifiable reliance upon the representation."); 12 MOORE'S FEDERAL PRACTICE § 60.43[1][b] (3d ed. 1999) ("Pursuant to [Rule 60(b)(3)], judgments have been set aside on a wide variety of alleged frauds, such as allegations that adverse parties failed to properly respond to discovery requests, thus preventing opposing parties from adequately

---

[3] Rule 60(b)(3) of the Federal Rules of Civil Procedure provides, in relevant part:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
   **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . .
FED.R.CIV.P. 60.

preparing for trial, to claims that evidence presented at trial itself consisted of perjured testimony or false documents.")).

A motion under Rule 60(b)(3) is "neither a substitute for, nor a supplement to, an appeal." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (citing *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir.1989). Indeed, a Rule 60(b) movant must show "extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (*see also Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009)).

Mrs. Zell does not show the type of "extraordinary circumstances" required to succeed on a Rule 60(b) motion. *Cf. Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Indeed, she does not show fraud at all. Her only proof—such as it is—that witnesses for the Defense provided this Court with false testimony is her repeated assertion that she would not have hired attorneys at her own expense if she had intended to vest any responsibility for the legal sufficiency of the pleadings and briefs in her son, Jonathan Zell. (ECF No. 211 at 61). This Court has had ample time to consider this argument—indeed, it has been the crux of Mrs. Zell's case since she filed her complaint in May 2013. (ECF No. 2) After a four-day bench trial, in which this Court had the opportunity to hear testimony from several witnesses, this Court concluded that Jonathan Zell assumed strategic responsibility for the case by directing FBT attorneys to limit their role to "correcting obvious errors in his writing," such that they could not be considered responsible for malpractice on the choice of law issue. (ECF No. 222 at 1069–1070). There simply is no credible allegation of fraud that would cause this Court to reopen its considered judgment.

### D. Plaintiff's Motion to Correct the Record

Finally, Mrs. Zell filed an unopposed motion to correct clerical errors in the Exhibit and Witness List produced by the Court during the bench trial. (ECF No. 197, 198). (ECF No. 224). The Court **GRANTS** Plaintiff's Motion to Correct the Record and acknowledges that Plaintiff's Trial Exhibit Numbers 23, 150, 35, 121, 48, 42, 65, 118, 49, 279, 280,135, 64, and 93 were admitted into evidence at the trial.

### III. CONCLUSION

Plaintiff's Motion for Post-Trial Relief (ECF No. 211) is **DENIED**. Plaintiff's Motion to Correct the Record (ECF No. 223) is **GRANTED**.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: January 8, 2018**